### Buckles, et al. v. White.

(Decided April 15, 1915.)

### Appeal from Grayson Circuit Court.

Evidence—Sufficient to Sustain Verdict.—Where the issue in an ejectment suit was which of the parties had the adverse posses-

sion of the land in controversy, a sufficient length of time to give him the possessory title, evidence examined and held sufficient to authorize the verdict found for the defendant.

G. W. STONE and J. G. RICE for appellants.

W. O. JONES and J. C. GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellants, as plaintiffs, brought this suit in ejectment against the appellee, as defendant, claiming that they were the owners of and entitled to the possession of a small parcel of land wrongfully withheld from them by the appellee.

The appellee, in his answer, after traversing the averments of the petition, set up ownership of the land in controversy, resting his claim on the ground of adverse possession for the statutory period of fifteen years.

In the reply it was admitted that the appellee and those under whom he claimed had been in possession of the land in controversy more than fifteen years next before the filing of the petition, but it was denied that the possession was adverse to the title of the appellants, and it was averred that J. B. White, under whom appellee claimed, entered upon and took possession of the land in controversy by the permission of James Mudd, the vendor of appellants, and that White and those claiming under him after so entering held the land amicably until shortly before the petition was filed, when they first asserted their claim of right.

It thus appears from the pleadings, and is really admitted in briefs of counsel, that the real question in this case is, did the appellee have the land in controversy in possession claiming it adversely to the appellants for the requisite length of time to give him the title by adverse possession?

Some exceptions appear in the record to the ruling of the trial court in excluding certain deeds and other evidences of title offered by the appellants, but we regard these alleged errors as immaterial for the reason that neither of the parties to this suit shows a good record title to the land.

It also appears from appellants' evidence "that the land in controversy was in plain view of the house in which her husband lived, and that he knew that the Whites and their vendor were cultivating and using the

land like they did. That he never made any objection thereto or sued to recover possession of the land in dispute. That he never at any time cultivated any of the land in dispute or collected from anyone rent for the land in dispute.''

Higdon, another witness introduced for the appellants, said that the appellants never cultivated any of the land but that the appellees did.

Other witnesses for appellants testified that they had heard Mudd claim that the land in controversy was his, and it is claimed by counsel for appellants that Thomas Higgins testified that some thirty years before the trial he saw White, the vendee of appellee, clearing up the land in controversy, and White told him he was doing so by the permission of Mudd, who was kind enough to permit him to cultivate the ground. But the bill of exceptions signed by the trial judge is involved in much confusion and doubt as to what Higgins did say. It seems that the evidence was not taken down in shorthand, and that when the bill of exceptions came to be made up from the memory of counsel and the court at the term succeeding the trial, counsel could not agreed as to what Higgins said, and the judge certified that there was dispute as to what Higgins said and he could not remember the evidence of the witness.

On behalf of appellee there was evidence tending to show that he and those under whom he claimed had owned and been in possession of the land for many years, and their possession had never been disturbed in any manner by appellants or their vendors, although they knew that appellee and those under whom he claimed were cultivating and using the land as their own.

The court instructed the jury, in substance, that if they believed from the evidence that the plaintiffs and those under whom they claimed had been in the adverse possession of the land in controversy for more than fifteen years before the commencement of the action, they should find for the plaintiffs, unless they believed that the defendant and those under whom he claimed entered upon the land under claim of title and not by agreement, and continued to hold the same adversely for more than fifteen years, in which event they should find for the defendant.

They were further instructed that if they believed from the evidence that defendant's vendor entered on the

land and took possession thereof with the consent of plaintiffs' vendor, they should find for the plaintiffs, unless they believed from the evidence that plaintiffs' vendor renounced the ownership of the land and that defendant and those under whom he claimed asserted title to the same and remained in possession under this hostile and adverse title for more than fifteen years continuously, in which event they should find for the defendant.

They were further told that if the defendant entered upon the land by permission of plaintiffs or those under whom they claimed, he could not assert title without openly renouncing the title of plaintiffs and asserting title in himself.

Counsel for appellants complain of these instructions, but we think they submitted in substantial form the controversy to the jury.

The record in this case is in a somewhat confused condition, but we think that the real issue between the parties was which of them had the actual possession for more than fifteen years, claiming it as his own, and that upon this issue the weight of the evidence supports the contention of appellee, and while the trial judge may' have committed some errors, we are convinced that they did not prejudice the substantial rights of the appellants.

The jury, we think, correctly decided the case, and the judgment is affirmed.